# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THERESA T. MALONE, | Case No. 2:17-CV-1568 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| STATE FARM MUTUAL AUTO INSURANCE COMPANY, | |
| Defendant(s). | |

Presently before the court is defendant State Farm Mutual Auto Insurance Company's motion to dismiss. (ECF No. 5). Plaintiff Theresa T. Malone filed a response (ECF No. 7), to which State Farm replied (ECF No. 8).

**I.  Facts**

This is a breach of contract action arising from an automobile accident that occurred on August 15, 2013. Malone alleges that while she was in her parked vehicle in a parking lot in Las Vegas, Nevada, a car backed into her and caused her medical and incidental damages. She claims that at the time of the accident, she maintained an underinsured motorist coverage policy (number 088-0200F23-28) with State Farm.

On July 9, 2015, Malone filed a negligence suit in state court against John Mooney, the purported tortfeasor who was operating the vehicle that allegedly caused the August 15, 2013 accident. (ECF No. 5-2). In December 2016, State Farm intervened in that litigation. (ECF No. 5-3). Malone now claims that she cannot recover the full amount of damages arising from the accident from her state-court suit against Mooney.

**James C. Mahan**
**U.S. District Judge**

Therefore, Malone filed the present action against her underinsured motorist policy carrier, State Farm, in state court on May 2, 2017, alleging three causes of action: (1) breach of contract; (2) violation of the Unfair Claims Practices Act; and (3) breach of the covenant of good faith and fair dealing/bad faith, all related to State Farm's alleged failure to compensate Malone under the policy. (ECF No. 1 at 5–13).

State Farm removed the action to federal court on June 5, 2017. (ECF No. 1).

State Farm now moves to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, to stay proceedings, on grounds that dismissal or a stay is warranted under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), because the parties are currently involved in parallel proceedings in state court—namely, the state case between plaintiff Malone and the alleged tortfeasor, Mooney. (ECF No. 5).

**II.     Legal Standard**

State Farm argues that *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), warrants dismissal because the parties are currently involved in parallel proceedings in state court that will resolve the issues in the present litigation. (ECF No. 5).

In *Colorado River*, the Supreme Court derived a list of factors that weigh in favor of dismissing a federal suit "due to the presence of a concurrent state proceeding." *Id.* Federal courts must consider: "(1) whether either the state or federal court has exercised jurisdiction over a *res*; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction." *40235 Washington St. Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992) (citing *Colorado River*, 424 U.S. at 818). Further, federal courts must consider (5) whether state or federal law controls issues in each of the cases and (6) whether the state proceeding is adequate to protect the parties' rights. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23, 26 (1983).

However, the United States Supreme Court has repeatedly emphasized that dismissal or abstention under the *Colorado River* doctrine is reserved "only [for] exceptional circumstances; only the clearest of justifications will warrant dismissal." *Id.* at 2. "But we emphasize that our task in cases such as this is not to find some substantial reason for the *exercise* of federal

**James C. Mahan**
**U.S. District Judge**

jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Id.* at 25–26. The existence of a state court case that asks some of the same questions as a federal case is not grounds, without much more, for dismissal or abstention under the *Colorado River* doctrine.

**III. Discussion**

The litigation in the state court case and in this court are not substantially similar: in the state court action pending below, it appears on this record that Malone has not filed a cause of action against State Farm under the underinsured motorist policy, while in this action, she has. While several of the key factual and legal questions in these two cases will be the same, they are not identical or substantially similar because a victory for Malone in the state court action would not result in a monetary judgment against State Farm, as it would here. Therefore, the state proceeding is not adequate for the adjudication of Malone's claims against State Farm here. This is not an exceptional circumstance warranting dismissal or a stay under *Colorado River*. *See Moses H.*, 460 U.S. at 2.

However, a different, but similar jurisdictional defect exists with the instant action.

**IV. Ripeness**

If a claim is not ripe, federal courts lack subject matter jurisdiction and must dismiss the complaint. *Richardson v. City and County of Honolulu*, 124 F.2d 1150, at * (9th Cir. 1997). Whether a claim is ripe generally turns on whether the issues are currently fit for judicial decision and the hardship to the parties of denying court consideration. *Ibid.* The central concern for the court is whether the case involves uncertain or contingent future events that may or may not actually occur. *Id.* Thus the inquiry is "'peculiarly a question of timing.'" *San Diego Cty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1132 (9th Cir. 1996) (quoting *Buckley v. Valeo*, 424 U.S. 1, 114 (1976)).

Ripeness is a jurisdictional inquiry, rather than a simply procedural question. *So. Pac Transp. Co. v. City of Los Angeles,* 498 F.2d, at 502 (9th Cir. (1990)). The court may raise this issue *sua sponte* and must dismiss the case if lacking subject matter jurisdition. *Id.*

James C. Mahan
U.S. District Judge

- 3 -

In Nevada, a cause of action for breach of contract of an underinsured motorist policy does not accrue until insurer breaches the contract by declining to pay an amount that has become due under the policy. *State Farm Mut. Auto. Ins. Co. v. Fitts*, 99 P.3d 1160, 1162 (Nev. 2004); *Grayson v. State Farm Mut. Auto. Ins.*, 971 P.2d 798, 799–800 (Nev. 1998). Whether State Farm owes anything to Malone, and thus breached its contract by failing to pay, remains to be seen, as it largely depends on the outcome of the state court litigation against Mooney, the alleged underinsured motorist and tortfeasor. Until that time, this instant action against State Farm is not ripe for judicial determination. *See generally Accardo v. Am. First Lloyds Ins. Co.*, No. CIV.A. H-11-0008, 2012 WL 1576022 (S.D. Tex. May 3, 2012). Therefore, the case must be dismissed for lack of subject matter jurisdiction.

**V.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that State Farm's motion to dismiss (ECF No. 5) be, and the same hereby is, GRANTED in part, according to the foregoing.

IT IS FURTHER ORDERED that the complaint (ECF No. 1 at 5–10) is DISMISSED without prejudice, for lack of subject matter jurisdiction.

DATED November 8, 2017.

_____
UNITED STATES DISTRICT JUDGE